IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01187-STV

JORGE LUIS RODRIGUEZ UZUETA,

Petitioner,

v.

TODD LYONS, ICE Acting Director,
CHARLES WALL,[1] ICE Deputy Director, and
JUAN BALTAZAR, Warden of Aurora Detention Center,

Respondents.

---

**ORDER DENYING MOTIONS**

---

Chief Magistrate Judge Scott T. Varholak

This matter is before the Court on Petitioner's "Motion to Request the Court to Reconsider the Final Judgment and Order Respondents to Produce Clear and Factual Evidence that Support ICE Response" (the "Motion for Reconsideration") [#19], filed July 14, 2026, and "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. to § 1915 in An Application for Appeal Action" [# 22], filed August 7, 2026. Respondents filed a response to the Motion for Reconsideration. [#20]

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Charles Wall is automatically substituted for Madison Sheahan as the Deputy Director of U.S. Immigration and Customs Enforcement.

The Court must construe Petitioner's motions liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e).

Judgment entered in this action on June 11, 2026 [#18], and the Motion for Reconsideration was filed thirty-three days later on July 14, 2026 [#19] The motion, however, is dated July 9, 2026 and was processed by detention officials for mailing to the Court on July 10, 2026. [*Id.*] Therefore, the Court construes the motion as being filed on July 10, 2026 pursuant to the prisoner mailbox rule. *See Price v. Philpot*, 420 F.3d 1158, 1163-66 (10th Cir. 2005) (describing prisoner mailbox rule). As a result, the motion was filed within twenty-eight days after the Judgment was entered, and the Court will consider the motion pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (quotation omitted). Relief under Rule 59(e) is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion should not revisit issues already addressed or advance arguments that could have been raised previously. *Id.* Petitioner has not met this standard.

On March 23, 2026, Petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application") challenging his detention by Immigration and Customs Enforcement ("ICE"). [#1] On June 11, 2026, the Court issued an Order denying the Application finding that Petitioner's detention does not violate 8 U.S.C. § 1231 or the Due Process Clause of the Fifth Amendment. [#17] The Order provides in relevant part:

> Here, Respondents seek to remove Petitioner to Mexico. [#12-1 at ¶ 25] Mexico falls under that last catch-all category—it is not Petitioner's country of citizenship, birth, or residence, and he has no apparent connection to it. The statute thus requires Respondents to demonstrate that Mexico will be willing to receive Petitioner. And Respondents have made that showing here. The record reveals that "ICE continues to pursue Petitioner's removal to Mexico as a third country pursuant to 8 U.S.C. § 1231(b). The government of Mexico will accept Petitioner for removal and ICE can remove Petitioner to Mexico, but Petitioner must comply with ICE's removal efforts, including signing the Notice of Removal." [#12-1 at ¶ 25] And Mr. Rodriguez Uzueta does not provide evidence in rebuttal.

[*Id.* at 6]. Citing two recent decisions from the District of Colorado, this Court concluded that "although Mr. Rodriguez Uzueta has been in custody for more than six months, there

is a significant likelihood that [Mr. Rodriguez Uzueta] will be removed in the reasonably foreseeable future and [his] refusal to sign the Notice of Removal is fatal to his request for habeas relief." [*Id.* at 8 (quotation omitted)] The Court dismissed this matter without prejudice on June 11, 2026, and judgment entered that same day. [##17,18]

In the pending Motion for Reconsideration, Petitioner relies on *Hernandez Montes v. Lyons, et al.*, No. 1:26-cv-00964, 2026 WL 1469206 (D. Colo. May 26, 2026), and asks that the Court reconsider the Order denying the Application because the Respondents failed to produce evidence showing that the Mexican government agreed to "accept" him. [#19 at 2] The Court denies the motion on two grounds.

First, this issue was fully addressed in the Court's Order denying the Application, and a Rule 59(e) motion must not rehash such issues. Second, this matter is distinguishable to the facts in *Hernandez Montes*. In *Hernandez Montes*, there was no record evidence clearly stating that Mexico was willing to accept petitioner, thus, Judge Regina M. Rodriguez found that Respondents failed to show that petitioner's removal was significantly likely in the reasonably foreseeable future. 2026 WL 1469206, at *4. Here, unlike *Hernandez Montes* and as set forth above, in its Order denying the Application, the Court found that Respondents met their burden of showing that Mexico is willing to receive Petitioner pursuant to 8 U.S.C. § 1231(b). [#17 at 6] The Order went on to explain that the record clearly reflects that "ICE continues to pursue Petitioner's removal to Mexico as a third country pursuant to 8 U.S.C. § 1231(b). The government of Mexico will accept

Petitioner for removal and ICE can remove Petitioner to Mexico, but Petitioner must comply with ICE's removal efforts, including signing the Notice of Removal." [*Id.*]

Accordingly, upon consideration of the Motion for Reconsideration and the entire file, the Court finds that Petitioner fails to meet the Rule 59(e) standard and nothing in the Motion warrants relief under Rule 59(e). Put another way, the Court finds that Petitioner fails to demonstrate the need to correct a clear error of law, a misapprehension of the facts, a party's position, or that the action should be reinstated based on new evidence previously unavailable. Petitioner's arguments are unsupported by the record and do not provide a basis for setting aside the final judgment in this case.

Petitioner has also filed a "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in an Application for Appeal Action" [#22]. The motion will be denied without prejudice. To be granted leave to proceed *in forma pauperis* ("IFP") on appeal, "an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). The IFP motion fails to articulate a reasoned, nonfrivolous argument on the law and facts in support of the issues to be raised on appeal. *See* Fed. R. App. P. 24.

Accordingly, it is

**ORDERED** that Petitioner's "Motion to Request the Court to Reconsider the Final Judgment and Order Respondents to Produce Clear and Factual Evidence that Support ICE Response" [#19] is **DENIED**. It is

**FURTHER ORDERED** that Petitioner's "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. to § 1915 in An Application for Appeal Action" [# 22] is **DENIED WITHOUT PREJUDICE** to the filing of an IFP motion in the United States Court of Appeals for the Tenth Circuit.

DATED: August 19, 2026

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge